IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19 CV 572 MR WCM

| | |
|---|---|
| WILLIAM PAUL AVOKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| ANDREW SAUL, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the following:

1. The Commissioner's Motion to Dismiss for Lack of Jurisdiction (the "Motion to Dismiss," Doc. 16);

2. Plaintiff's "Motion for Leave to File Amended Complaint and Other Equitable Relief" (the "Motion to Amend," Doc. 20); and

3. The Commissioner's "Motion for Remand under Sentence Four of 42 U.S.C. § 405(g) in lieu of Reply in Support of Motion to Dismiss and Response to Plaintiff's Motion for Leave to Amend Complaint" (the "Motion to Remand," Doc. 31).[1]

---

[1] The Motion to Dismiss, Motion to Amend, and Motion to Remand have each been referred to the undersigned.

1

## I. Background

On October 24, 2019, Plaintiff William Paul Avoki ("Plaintiff"), appearing *pro se*, filed a Complaint for Review of a Social Security Disability or Supplemental Security Income Decision. Doc. 1.

On February 10, 2020, the Commissioner filed the Motion to Dismiss, arguing that this Court lacks subject matter jurisdiction based on Plaintiff's alleged failure to exhaust his administrative remedies. Docs. 16 & 17.

Thereafter, Plaintiff filed the Motion to Amend. Doc. 20. In his proposed Amended Complaint, Plaintiff raises issues regarding lack of notice of the administrative proceedings. See Doc. 20-1, p. 3 (alleging "letters of the final decision" were sent in a way which the "Social security administration already [knew] and should have known [would] not reach the applicant."); see also 20-1, pp. 6-7, ¶¶ 11-14.

On May 21, 2020, the Commissioner filed the Motion to Remand. Doc. 31. Therein, the Commissioner states that "Plaintiff has asserted a colorable constitutional claim of lack of notice in his Motion to Amend," and that the Commissioner has "determined that remand under sentence four of 405(g) is warranted for the agency to further develop and evaluate Plaintiff's allegation of lack of notice…." Doc. 31, pp. 2 & 3. Accordingly, the Commissioner moves this Court for an order "reversing the Commissioner's decision with remand…." Doc. 31-1.

In his response to the Motion to Remand, Plaintiff states that he is "NOT opposed" to the Motion to Remand, but argues that "this Court should provide additional instruction for the SSA Administration or Defendant Social Security to report [the] final decision on plaintiff['s] social [security] benefit (15 to 30 days) prior [to] any dismissal of this…complex case."  Doc. 32, p. 1. Additionally, Plaintiff asserts that upon remand, the administration should consider Plaintiff's mental impairment and treatment with "CMC-Behavior health of Charlotte" and pay Plaintiff benefits from June 28, 2018 through the present.  Doc. 32, pp. 2-3.

## II. Analysis

Under Sentence Four of 42 U.S.C. § 405(g), the Court has the authority "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." See Shalala v. Schaefer, 509 U.S. 292, 299, 113 S.Ct. 2625, 2630-31, 125 L.Ed.2d 239 (1993). Remand for further proceedings is the proper action in any case that requires further fact finding. See Meyer v. Astrue, 662 F.3d 700, 707 (4th Cir. 2011) ("Assessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance. Therefore, we must remand the case for further fact finding."); see also Thornley v. Astrue, No. 9:10-2589-MGL, 2012 WL 6042838, at * 3 (D.S.C. Dec. 5, 2012) ("the statutorily

3

mandated standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. The court cannot undertake the role of fact finder and conduct an assessment of the probative value of competing evidence in the first instance.") (citing Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968); Meyer, 662 F.3d at 707); Wade v. Berryhill, No. 5:17-cv-105-FL, 2017 WL 9802824, at * 2 (E.D.N.C. Dec. 19, 2017) (recommending that the Commissioner's Motion to Remand be granted to allow the "Commissioner to make further findings concerning Plaintiff's entitlement to disability benefits" despite claimant's objection and position that the Court should find Plaintiff disabled).

Here, the parties agree that this case should be remanded for further factual development. Specifically, the Commissioner asserts that additional development regarding notice to Plaintiff is proper, while Plaintiff contends that further consideration of Plaintiff's mental health treatment is required. Such factual development is properly done, in the first instance, by the social security administration. Accordingly, the undersigned will recommend that the Commissioner's Motion to Remand be granted.

Additionally, the undersigned will recommend that Plaintiff's request that the parties submit a report to this Court regarding Plaintiff's claim for benefits be denied. By recommending remand pursuant to sentence four of 42

4

U.S.C. § 405(g), the undersigned does not forecast a decision on the merits of Plaintiff's application for disability benefits. See Patterson v. Commissioner of Social Security Admin., 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. at 299 (quoting Sullivan v. Finkelstein, 496 U.S. 617, 629, 110 S.Ct. 2658, 2666, 110 L.Ed.2d 563 (1990)).

### III. Recommendation

For the reasons set forth above, the undersigned respectfully **RECOMMENDS**:

1. That the Commissioner's "Motion for Remand under Sentence Four of 42 U.S.C. § 405(g) in lieu of Reply in Support of Motion to Dismiss and Response to Plaintiff's Motion for Leave to Amend Complaint" (Doc. 31) be **GRANTED**, the Commissioner's decision be **REVERSED**, this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g), and Plaintiff's request for an Order requiring the submission of a report regarding disposition of Plaintiff's claim be **DENIED**;

2. That the Commissioner's Motion to Dismiss for Lack of Jurisdiction (Doc. 16) be **DENIED AS MOOT**; and

3. That Plaintiff's "Motion for Leave to File Amended Complaint and Other Equitable Relief" (Doc. 20) be **DENIED AS MOOT**.

Signed: June 8, 2020

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).